Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:
LINDA SCHLESINGER,                                          Chapter 11
                                                            Case No. 24-
                      Debtor.
------------------------------------------------------------x

## DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

LINDA SCHLESINGER, hereby declares as follows under penalty of perjury:

1. I am the debtor and debtor-in-possession herein. I am familiar with the facts and circumstances as recited herein. This affidavit is submitted pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York.

2. I am presently 81 years old. I reside at 501 East 87th Street, Apt. 12G, New York, New York 10128 with my non-debtor husband, a retired attorney, under an expired/day-to-day lease. All of my personal assets are located at that location or at 186 Dune Road, Quogue, New York 11959, which is a single family home which I own jointly with my husband.

3. On February 2, 2024 (the "Petition Date"), I filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was entered. I intend to remain in possession of my property and continue to manage my affairs as a debtor-in-possession. No trustee, custodian or receiver was appointed, and no committee of creditors was formed, prior to the Petition Date.

4. My bankruptcy filing was precipitated by a scheduled foreclosure sale with respect to the 186 Dune Road home and the 189 Dune Road (the "Bay Property") vacant parcel of

land in connection with a foreclosure judgment entered in favor of HSBC Bank USA, N.A. The Town of Southampton has agreed to purchase the Bay Property (for preservation rights) from us for the sum of $2,000,000 subject to town government approval and public hearings thereon, which the Town has advised will ultimately be obtained. The approval process is likely to take several months during which period the Debtor intends to retain a broker to market and sell the 186 Dune Road home. In furtherance thereof, my husband and I have recently reduced the asking price of the 186 Dune Road home which has generated new interest and an increase in viewings. We had reached out to counsel to HSBC Bank to ask for an adjournment of their foreclosure sale so that we could close on the $2,000,000 sale but our request has been denied.

5. I believe that, given a respite from the foreclosure proceedings I can successfully and expeditiously exit chapter 11 and pay my creditors in full .

6. Pursuant to LBR 1007-2(a)(4), a list containing the names and addresses of what I believe to be my twenty largest unsecured creditors, excluding insiders, is simultaneously being filed with the Court.

7. Pursuant to LBR 1007-2(a)(5), all of my secured creditors are listed in my Schedule D which is simultaneously being filed with the Court.

8. Pursuant to LBR 1007-2(a)(6), an approximate summary of my assets and liabilities are set forth in my Schedules A/B, D and E/F which are simultaneously being filed with the Court.

9. LBR 1007-2(a)(7) is not applicable as I am an individual and not a corporate entity.

10. Pursuant to LBR 1007-2(a)(8), there is no property of mine in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

11. LBR 1007-2(a)(9) is not applicable as I am an individual and not a business entity.

12. Pursuant to LBR 1007-2(a)(10), I am in possession of all of my assets and books and records.

13. Pursuant to LBR 1007-2(a)(11), the only actions or proceedings to which I am a party are: (a) the above-referenced foreclosure action entitled *HSBC Bank USA, N.A. v. Stuart A. Schlesinger, et al.* (Sup. Ct., Suffolk Cty. Index No. 602633/2015) in which matter a foreclosure judgment has been entered; and (b) a debt collection action entitled *The Padded Wagon Inc. v. Stuart Schlesinger, et al.* (Sup. Ct., Bronx Cty. Index No. 22845/2019E) which matter has been settled.

14. LBR 1007-2(a)(12) is not applicable as I am an individual and not a corporate entity.

15. My projected net income during the thirty (30) day period following the commencement of the chapter 11 case is approximately $1,354 consisting entirely of Social Security benefits. My expenses and disbursements for the same period are anticipated to total in excess of that amount which will be also paid from my husband's social security income.

16. I believe that under the supervision of the Bankruptcy Court, I will be able to restructure my obligations and pay creditors substantially more than they would receive if I went through a forced liquidation.

17. I hereby declare, pursuant to 28 U.S.C. §1746 and under penalties of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 2, 2024

_____
LINDA SCHLESINGER

3