| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | NOT FOR<br>PUBLICATION |

------------------------------------------------------------x
In re:                                                       :

                                                             :        Chapter 11

**LINDA SCHLESINGER,**                                        :        Case No. 24-10190 (DSJ)

                        Debtor.                              :
------------------------------------------------------------x

### DECISION DENYING IN-PART THE DEBTOR'S APPLICATION FOR AN ORDER REDUCING THE CLAIM ASSERTED AGAINST THE DEBTOR BY HSBC BANK USA, N.A. (CLAIM NO. 5)

**APPEARANCES:**

**PICK & ZABICKI LLP**
*Counsel for the Debtor, Linda Schlesinger*
369 Lexington Avenue
New York, NY 10017
By:     Douglas Pick

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
*Counsel for HSBC Bank USA, N.A.*
6 Campus Drive, Suite 304
Parsippany, NJ 07054
By:     Peter Adel Lawrence

**DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the motion of debtor Lisa Schlesinger (the "**Debtor**") titled *Debtor's Application for an Order Reducing the Claim Asserted Against the Debtor by HSBC Bank USA, N.A. (Claim No. 5)* [ECF No. 44] (the "**Motion**"). The Motion asserts that the proof of claim of HSBC Bank USA, N.A. ("**HSBC**"), which relates to a judgment in a foreclosure action, should be

1

reduced for two reasons: first, that the claim is not sufficiently supported by documentary evidence, and second, that HSCB's asserted delay in protecting its rights under the mortgage justify equitably reducing or eliminating HSBC's asserted entitlements to interest and fees. *See* Motion ¶¶ 11–13. HSBC filed an Opposition to the Motion [ECF No. 58] (the "**Opposition**") asserting that the *Rooker-Feldman* and res judicata doctrines bar the Court from reducing the interest awarded to HSBC in the foreclosure action and attaching documentation from its internal recordkeeping systems in an attempt to support aspects of its claim. Opposition ¶ 42; Ex. P. In response, the Debtor filed a Reply to the Opposition [ECF No. 73] (the "**Reply**") asserting that the Motion does not ask the Court to review or revisit the judgment issued by the state court in the foreclosure action, and rather seeks a determination that: (1) the interest owed to HSBC post-dating the state court judgment should be equitably written down; and/or (2) the dollar amount of HSBC's claim should be reduced due to an erroneous and/or unsupported computation of the amount of interest due to HSBC. Reply ¶¶ 6–7.

The Court heard oral argument on the Motion on August 8, 2024 (the "**Hearing**"). For reasons stated on the record at the Hearing, the Court determined that some of the issues raised by the Motion and the Opposition could be resolved based on the current record, but others required further factual development. The Court subsequently entered an order on August 8, 2024 [ECF No. 76] (the "**Order**") indicating the Court's intention to issue this written decision ("**Decision**") to partially but not completely resolve the Motion. This Decision resolves the Motion to the extent it contends that HSCB's alleged delay in prosecuting its rights under the mortgage justify equitably reducing or eliminating HSBC's asserted entitlements to interest and fees. This Decision *does not* resolve the Motion to the extent it questions whether HSBC's proof of claim reflects the proper dollar amount due to HSBC under the relevant mortgage, specifically as to amounts accrued after

2

the state court judgment was entered[1]. For the reasons discussed below, the Motion is **DENIED** to the extent it contends that HSBC's entitlement to interest and fees should be equitably reduced or eliminated. The Court need not decide a separate issue that HSBC argued, namely whether the Debtor is barred from collaterally attacking the state-court judgment, because the Debtor has now disavowed any attempt to do so.

## FACTS

**1. The Foreclosure Action.**

The Debtor filed for chapter 11 bankruptcy on February 5, 2024 (the "**Petition Date**") [ECF No. 1], one day prior to a scheduled foreclosure sale on the Debtor's home located at 186 Dune Road, Quogue, New York 11959, and an undeveloped parcel of land located near the home at 189 Dune Road, Quogue, New York 11959 (together, the "**Property**"). Motion ¶ 1. On May 17, 2007, the Debtor and her husband, Stuart Schlesinger ("**Mr. Schlesinger**") signed a 30-year promissory note[2] (the "**Note**") for the sum of $5,000,000, secured by a jointly executed mortgage (the "**Mortgage**") on the Property. Motion ¶ 3. The Mortgage was assigned to HSBC on February 14, 2012. *See* Opposition, Ex. C. The Debtor's first date of default on the Note occurred on November 1, 2012. Opposition ¶ 10.

On March 17, 2015, HSBC commenced a foreclosure action (the "**Foreclosure Action**") in the Suffolk County Supreme Court (the "**State Court**"). *See* Motion, Ex. B at 1. The Debtor and Mr. Schlesinger did not file an answer to the Foreclosure Action. Opposition ¶ 11; Motion ¶

---

[1] In the Order, the Court instructed the Debtor and HSBC to conduct formal or informal discovery to enable the parties to appropriately evaluate and reach agreement or conduct fact-based litigation as to the dollar amount due to HSBC under the mortgage. Order ¶ 1. If necessary, the Court will hold additional conferences and/or an evidentiary hearing to resolve the Motion's objection to the dollar amount owed to HSBC. Order ¶ 5.

[2] The Note had an adjustable rate of interest of 6.375% for the first five (5) years of the loan, and thereafter the adjustable rate of interest would change on June 1, 2012, and every twelve months thereafter based on "the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market as published in the Wall Street Journal." Motion ¶ 3.

4. On October 20, 2016, HSBC filed a Motion for Summary Judgment in the State Court, and shortly thereafter a Cross-Motion for Summary Judgment was filed by the Debtor and Mr. Schlesinger's defendant-counterclaimants, Donald P. Perry as trustee of the Helen S. Julien Trust f/b/o Stephen Julien, and Gana LLP. Opposition ¶ 14; Motion Ex. B at 3. On June 26, 2017, the State Court granted summary judgment for HSBC and appointed a referee to compute the total debt owed to HSBC on the Note. *See* Opposition ¶ 14, Ex. F. On January 10, 2018, HSBC filed its Motion for Judgment of Foreclosure and Sale, which it ultimately withdrew five days later. *See* Motion, Ex. B at 4. HSBC did not file a substitute Motion for Judgment of Foreclosure and Sale until December 2, 2020. *See* Motion, Ex. B at 7. During the approximately three-year period between HSBC's filing of the two motions for judgment of foreclosure and sale, the Debtor changed counsel, the Debtor and HSBC allegedly attempted to negotiate a short sale and other home retention options, the COVID-19 pandemic began, and the parties engaged in motion practice initiated by the Debtor seeking dismissal of the Foreclosure Action and vacatur of the default judgment entered against the Debtor and Mr. Schlesinger. *See* Motion, Ex. B; Opposition ¶¶ 15–27.

On May 13, 2022, the State Court signed an Order Confirming Referee Report and Judgment of Foreclosure and Sale (the "**State Court Judgment**"). Motion ¶ 8, Ex. F. The State Court Judgment confirms the Referee Report of Peter R. McGreevy, Esq., dated October 13, 2020, showing the sum of $6,938,997.35 due as of March 31, 2020 [Motion, Ex. F at 2] and states that HSBC shall be paid the:

> Amount due per the Referee's Report: [$6,938,997.35 with interest at the note rate from March 31, 2020, together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with

4

interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred];

Motion, Ex. F at 6.

### 2. The Motion, Opposition, and Reply.

The Motion asserts that HSCB delayed in protecting its rights under the Mortgage, and that these asserted delays justify equitably reducing or eliminating HSBC's asserted entitlements to interest and fees. *See* Motion ¶¶ 11–13. The Motion specifically highlights a three-year period between January 15, 2018, which is the date that HSBC withdrew its first Motion for Judgment of Foreclosure and Sale, and December 2, 2020, the date that HSBC filed a substitute Motion for Judgment of Foreclosure and Sale, but the Motion does not limit its allegations of delay to this period. Motion at ¶ 7. Rather, the Debtor seeks a reduction of interest accruing after March 31, 2020, which is the date used by the Referee's Report to calculate the amount due to HSBC. Motion ¶ 13; Ex. F at 2.

The Opposition asserts that the *Rooker-Feldman* and res judicata doctrines bar the Court from reducing the interest awarded to HSBC in the Foreclosure Action. Opposition ¶ 42. HSBC addresses the Debtor's allegations of delay in prosecuting the Foreclosure Action by asserting that any such delay was caused by the Debtor's own repeated attempts to dismiss the foreclosure complaint and prevent the entry of a judgment of foreclosure and sale. Opposition ¶ 39.

The Debtor's Reply attempts to clarify the scope of relief sought by the Motion and asserts that it does not ask the Court to review or revisit the State Court Judgment, and rather seeks a determination that the interest owed to HSBC *post-dating* the entry of the State Court Judgment should be equitably written down. Reply ¶ 6. As to any interest *preceding* the State Court

5

Judgment, the Reply seeks permission from this Court to return to the State Court to pursue a correction or explanation of the interest accrued. Reply ¶¶ 5,6.

## *DISCUSSION*

1. **The Debtor's Request to Return to the State Court.**

The Debtor's request to return to State Court to pursue a correction or explanation of the interest accrued and/or owed to HSBC preceding the entry of the State Court Judgment is not properly before the Court as a result of the Motion and is not resolved by this Decision. At the August 8, 2024 Hearing, the Court observed that the Debtor's Motion is not styled as an application to lift the automatic stay or other authorization to litigate in the State Court, and rather in substance is merely a claim objection. Specifically, the Motion, as submitted, asks only that the Court engage in its own analysis to determine that, for equitable reasons, the Court should write down interest post-dating the State Court Judgment. Because lift-stay or similar relief was not sought in the Motion as filed, this Decision does not consider the merits of the Debtor's request to return to the State Court. This Decision is without prejudice to any future applications properly brought by the Debtor to seek authorization from this Court to return to State Court for modification or clarification of the State Court Judgment.

2. **The *Rooker-Feldman* and Res Judicata Doctrines.**

The Opposition asserts that the *Rooker-Feldman* and res judicata doctrines bar the Court from considering the Debtor's request to equitably write-down interest accruing after the entry of the State Court Judgment. "The *Rooker-Feldman* doctrine bars federal courts from hearing claims brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Clavin v. Cty. of Orange*, 38 F. Supp. 3d 391, 396 (S.D.N.Y. 2014) (citation

6

omitted) (internal quotation marks omitted). Under *Rooker-Feldman*, a federal court "lack[s] jurisdiction over a case if the exercise of jurisdiction would result in reversal or modification of a state court judgment." *In re Lau*, No. 1:20-CV-01930 (ALC), 2021 WL 796619, at *4 (S.D.N.Y. Feb. 26, 2021) (citing *Botsas v. United States*, 5 F. App'x 69, 70 (2d Cir. 2001)).

"Under the doctrine of *res judicata*, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 380 (2d Cir. 2003) (quoting *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000)) (citation omitted) (emphasis in original). The policy behind this doctrine is to "protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citation omitted).

On the record at the August 8, 2024 Hearing, Debtor's counsel stated that the Debtor is not seeking to re-litigate or revisit the State Court Judgment, and rather seeks only that the Court consider an equitable write-down of interest accruing *after* the date of the State Court Judgment. Though the Court is largely unpersuaded by HSBC that, in light of the Debtor's contentions at the Hearing and in its Reply, the consideration of the equitable write-down issue for post-judgment periods is barred by the *Rooker-Feldman* and res judicata doctrines, it is not necessary for the Court to engage in an analysis of these doctrines because, as discussed below, the Court denies the Debtor's request for an equitable write-down of interest accruals based on the facts and circumstances of this case. In so ruling, the Court assumes without deciding that the *Rooker-Feldman* and res judicata doctrines do not bar the Court's consideration of the Debtor's request for an equitable write-down, at least for the periods that follow the State Court Judgment.

7

**3. The Debtor Is Not Entitled to a Denial or Reduction of Interest on Equitable Grounds.**

The Court is unpersuaded by the Motion's contention that the Debtor is entitled to an equitable write-down of interest accrued post-dating the State Court Judgment. "Foreclosure actions are equitable in nature, which means that 'the recovery of interest is within the court's discretion.'" *See Rora LLC v. 404 E. 79th St. Lender LLC*, 630 B.R. 876, 895 (E.D.N.Y. 2021) (quoting *Bank of N.Y. Mellon v. George*, 186 A.D.3d 661, 663 (N.Y. App. Div. 2d Dep't 2020)) (citation omitted). Where a plaintiff in a foreclosure action engaged in wrongful conduct or caused undue delay resulting in the accrual of interest, courts have found that equity may require the reduction of interest awarded on the unpaid principal balance of the mortgage. *See Rora LLC*, 630 B.R. at 895 (citing *Deutsche Bank Tr. Co., Americas v. Stathakis*, 90 A.D.3d 983, 984 (N.Y. App. Div. 2d Dep't 2011)); *see also People's United Bank v. Patio Gardens III, LLC*, 189 A.D.3d 1622, 1623 (N.Y. App. Div. 2d Dep't 2020) (citation omitted) ("a tolling and cancellation of interest may also be warranted where there is an unexplained delay in prosecution of a mortgage foreclosure action."); *see also Gasco Corp. & Gordian Grp. of Hong Kong v. Tosco Properties Ltd.*, 236 A.D.2d 510, 512 (N.Y. App. Div. 2d Dep't 1997) (citation omitted) ("[i]t is also well settled that a debtor may not be held responsible if the delay in completing the foreclosure action was due to the plaintiff's failure to expedite the action.").

The Motion asserts that HSCB unduly delayed its prosecution of the Foreclosure Action. The Motion specifically highlights the nearly three-year period between January 15, 2018, which is the date that HSBC withdrew its first Motion for Judgment of Foreclosure and Sale, and December 2, 2020, the date that HSBC filed a substitute Motion for Judgment of Foreclosure and Sale, but the Motion does not limit its allegations of delay to this period. Motion at ¶ 7. In response, the Opposition asserts that any delay was caused by the Debtor's own repeated attempts to dismiss

8

the foreclosure complaint and prevent the entry of a judgment of foreclosure and sale. Opposition ¶ 39.

The complained of delay in the Foreclosure Action is not marked by an extended period of inactivity in the case solely attributable to HSBC. The three-year period highlighted by the Debtor included the following events: the Debtor's change of counsel which resulted in a 30-day stay; motion practice initiated by the Debtor to dismiss the Foreclosure Action; a year of failed negotiations between the Debtor and HSBC during which no tolling agreement or interest-suspension agreement has been shown; resolution of a withdrawal motion filed by the Debtor's counsel citing Mr. Schlesinger's failure to participate in his defense as grounds for withdrawal; State Court closure due to the COVID-19 pandemic; and additional motion practice initiated by the Debtor to dismiss the foreclosure action and vacate the default judgment entered against the Debtor. *See* Motion at Ex. B; State Court Docket, Index No. 602633/2015. This three-year period was then followed by additional motion practice initiated by the Debtor seeking dismissal of the Foreclosure Action; a stay of the Foreclosure Action due to the enactment of the COVID-19 Emergency Eviction and Foreclosure Prevention Act; additional motion practice initiated by the Debtor seeking to renew and reargue its dismissal motion which had been denied by the State Court; the filing of a Notice of Sale to schedule a foreclosure sale on the Property which would subsequently be stayed due to Mr. Schlesinger's bankruptcy filing four days before the scheduled foreclosure sale; this Court's grant of HSBC's lift-stay motion in Mr. Schlesinger's bankruptcy case; the filing of another Notice of Sale scheduling a foreclosure sale for February 6, 2024; and the Debtor's own bankruptcy filing on the eve of the foreclosure sale once again staying the sale. *See* Motion at Ex. B; Opposition ¶ 23; State Court Docket, Index No. 602633/2015; Bankruptcy Court Docket No. 23-10104; Bankruptcy Court Docket No. 24-10190.

This sequence of events makes clear that HSBC has not unreasonably delayed pursuing its rights, nor has it engaged in other unreasonable conduct. The Court therefore declines to exercise its discretion to eliminate or reduce otherwise applicable interest or fee charged based on HSBC's actions or inactions.

To be clear and contrary to some rhetoric of Debtor's, the Debtor is not being penalized for mounting a defense in the Foreclosure Action. The Court highlights the timeline to show that the complained of delay and overall length of the Foreclosure Action was not the sole fault of HSBC and/or a product of misconduct by HSBC. *See People's United Bank*, 189 A.D.3d at 1623 (citing *Prompt Mortg. Providers of N. Am., LLC v. Zarour*, 155 A.D.3d 912, 915 (N.Y. App. Div. 2d Dep't. 2017)) (concluding that cancelation of interest was unwarranted where "the complained-of delay in obtaining an amended judgment of foreclosure," which was partly due to a stay of the action, could not "be solely attributable to the plaintiff, and that the complained-of conduct of the plaintiff in th[e] action was not so egregious as to merit the imposition of sanctions against it in the form of limiting the interest awarded.").

Where courts opt to cancel interest for equitable reasons, it is typically in cases involving longer periods of delay that were largely or solely attributable to the Plaintiff. *See Dayan v. York*, 51 A.D.3d 964, 965–66 (N.Y. App. Div. 2d Dep't. 2008) (deducting interest accrued where plaintiff did not seek a judgment of foreclosure until seven years after the commencement of the foreclosure action); *see also GMAC Mortg., LLC v. Yun*, 206 A.D.3d 798, 799 (N.Y. App. Div. 2d Dep't. 2022) (canceling interest where seven years elapsed between the entry of the order of reference and the time the plaintiff moved for a judgment of foreclosure and sale and where the plaintiff "failed to offer any explanation for th[e] delay or establish that the defendant caused th[e] delay, as the record demonstrate[d] that the defendant's motions and the stays due to the defendant's bankruptcy

10

petitions did not occur during the period for which the defendant sought to toll the accrual of interest."); *see also Citicorp Tr. Bank, FSB v. Vidaurre*, 155 A.D.3d 934, 935 (N.Y. App. Div. 2d Dep't. 2017) (canceling interest accrued between the date of the decision of a prior appeal in the foreclosure action, which affirmed the award of summary judgment to the plaintiff, and the date of the referee's report, which was four years and eight months later). Here, the timeline of events in the Foreclosure Action was largely the result of substantial motion practice commenced by the Debtor or Mr. Schlesinger, periods of failed negotiations, and the COVID-19 pandemic. The Foreclosure Action is not marked by a lengthy period of inactivity solely attributable to HSBC. Thus, the Court declines to equitably reduce or eliminate HSBC's asserted entitlements to interest included in its proof of claim.

## *CONCLUSION*

For the reasons stated above, the Court **DENIES** the Motion to the extent it seeks an equitable write-down of HSBC's asserted entitlements to interest and fees on and pursuant to the State Court Judgment. This Decision does not resolve the portion of the Motion that challenges the proper dollar amount due to HSBC under the Note and Mortgage. That portion of the Motion is the subject of ongoing discovery and a possible future evidentiary proceeding. **SO ORDERED.**

Dated: New York, New York
      August 15, 2024                            *s/ David S. Jones*
                                                 Honorable David S. Jones
                                                 United States Bankruptcy Judge